IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MALCOLM CRAWFORD       )
                       )
      v.               )     NO. 3:18-00800
                       )
CORE CIVIC, et al.     )

**TO:** Honorable Eli Richardson, District Judge

# REPORT AND RECOMMENDATION

By Order entered March 29, 2019 (Docket Entry No. 10), the Court referred this *pro se* and *in forma pauperis* prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion for summary judgment (Docket Entry No. 31) filed by Defendants CoreCivic, Inc. and Blair Leibach. Plaintiff has not responded to the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and this case be dismissed.

## I. BACKGROUND

Malcolm Crawford ("Plaintiff") filed this lawsuit against several defendants on August 27, 2018, at a time when he was an inmate in the Metro-Davidson County Detention Facility ("Detention Facility") in Nashville, Tennessee.[1] *See* Complaint (Docket Entry No. 1). Plaintiff alleges that inmates at the Detention Facility were not provided with chapel services on 18 different occasions from February 2018 to July 2018. *Id*. at 8. He contends that this occurred because staff either failed to call inmates in his housing area to the services or because his housing area was on lockdown. *Id*.

---

[1] Plaintiff's current whereabouts are unknown. Recent mail from the Court to Plaintiff was returned undeliverable, *see* Docket Entry No. 37, and Defendants assert that he was released from the Detention Center on October 11, 2019. *See* Affidavit of Leibach (Docket Entry No. 340 at ¶ 4. Plaintiff has not filed a change of address notice and has had no contact with the Court since returning service packets for Defendants on August 5, 2019.

8, 12-13; Notice of Filing (Doc. No. 7) at 4. However, he alleges that other housing areas were called to the services when his was not and that even when his area was on lockdown, inmates were allowed out of their cells for other reasons, including work, education, and sick call. *See* Complaint at 12; Notice of Filing at 2 and 4. As relief, Plaintiff seeks unspecified damages and an injunction preventing facility staff from denying access to chapel services. *See* Complaint at 7.

Upon initial review of the complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court found that Plaintiff alleged two non-frivolous claims: 1) a claim under 42 U.S.C. § 1983 that his First Amendment rights had been violated; and, (2) a claim under The Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc1. *See* Memorandum Opinion (Docket Entry No. 9) at 3-5). Process was directed to issue to Core Civic, Inc. ("CoreCivic"), a private corporation that administers the Detention Facility, Detention Facility Warden Blair Leibach ("Leibach"), and correctional officers f/n/u Myers and f/n/u Gordon. *Id*. Process was eventually served upon Defendants CoreCivic and Leibach, and a scheduling order was entered after they answered the complaint. *See* Docket Entry Nos. 29 and 30. Process was returned unexecuted for Defendants Myers and Gordan. *See* Docket Entry Nos. 14 & 15. Plaintiff has not provided an alternative address for service of process upon Myers and Gordan or otherwise contacted the Court about their status.

## II. MOTION FOR SUMMARY JUDGMENT

On April 9, 2020, Defendants CoreCivic and Leibach (hereinafter referred to collectively as "Defendants") moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, supporting their motion with a Memorandum of Law (Docket Entry No. 32), a Statement of Undisputed Material Facts (Docket Entry No. 33), and with the Declarations of Defendant Leibach (Docket Entry No. 34) and Detention Center employee Pamela Hayes (Docket Entry No. 35). Defendants contend that the undisputed facts show the policies in place at the Detention Center allow inmates to regularly practice their religious beliefs, including participating in religious programs and services, subject only to limitations or restrictions that are necessary to maintain order and security

at the Detention Facility. While Defendants do not dispute that inmates in Plaintiff's housing unit may not have been called to chapel services on the 18 days in question, they argue that legitimate reasons may have existed for these instances of missed chapel services, such as facility lockdowns, overcrowding, or security concerns about inmates at the services. *See* Memorandum of Law at 3-4. Defendants contend that there is no evidence that prison officials acted arbitrarily in these instances and, in fact, the evidence shows that Plaintiff attended more than 100 chapel or other religious services during the relevant time period of February 2018 to July 2018. *Id*.

Defendants raise five specific arguments for dismissal of Plaintiff's claims: 1) Plaintiff's failure to keep the Court informed of his current address after his release from custody warrants dismissal of the case for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure; 2) Plaintiff's release from custody moots his claim under RLUIPA, which provides for only declaratory and injunctive relief; 3) the undisputed facts show that Plaintiff did not suffer an infringement on his ability to exercise his First Amendment rights because of the missed chapel services; 4) there are no facts supporting a claim that the missed chapel services occurred as the result of an official policy or custom of CoreCivic; and, 5) there are no facts showing that Defendant Leibach had personal involvement in causing or permitting the missed chapel services and, thus, there is no basis to impose personal liability upon him under 42 U.S.C. § 1983.

By Order entered April 13, 2020, Plaintiff was notified of the motion for summary judgment and given a deadline of May 22, 2020, to file a response.[2] *See* Docket Entry No. 36. Plaintiff was specifically warned that his failure to file a timely response could result in the dismissal of his lawsuit. *Id*. When this Order was returned to the Court as undeliverable, *see* Docket Entry No. 37, the Court instructed the Clerk to re-mail it to Plaintiff a second time. Although the second mailing was not likewise returned as undeliverable, Plaintiff has not responded to the motion or otherwise contacted the Court about his case.

---

[2] Although Local Rule 56.01 provides that a response is due 21 days after the filing of a motion for summary judgment, Plaintiff, in light of his *pro se* status, was provided with additional time to file a response.

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir. 2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

### IV. ANALYSIS

A. First Amendment and RLUIPA

Prison inmates do not lose their First Amendment right to exercise their religion because of incarceration. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). However, "the circumstances of prison life may require some restriction on prisoners' exercise of their religious beliefs." *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir. 1985). The First Amendment does not require that prison

officials provide inmates with the best possible means of exercising their religious beliefs nor does it require that general prison policies and concerns become subordinate to the religious desires of any particular inmate, and the internal administration of a correctional facility is a function legitimately left to the discretion of prison administrators. *See O'Lone*, *supra*; *Bell v. Wolfish*, 441 U.S. 520, 547 (1979); *Procunier v. Martinez*, 416 U.S. 396, 405 (1974), *overruled on other grounds* by *Thornburgh v. Abbott*, 490 U.S. 401 (1989). "When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Maye v. Klee*, 915 F.3d 1076, 1083 (6th Cir. 2019) (*quoting O'Lone*).

> RLUIPA provides that:
>
> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person — (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc–1(a). Under RLUIPA, Plaintiff bears the initial burden of showing that the challenged action substantially burdened the exercise of his religion. 42 U.S.C. § 2000cc–2(b); *Haight v. Thompson*, 763 F.3d 554, 559-60 (6th Cir. 2014). Although not defined by RLUIPA, an action creates a substantial burden "when that action forced an individual to choose between 'following the precepts of [their] religion and forfeiting benefits' or when the action in question placed 'substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Barhite v. Caruso*, 377 Fed.App'x 508, 511 (6th Cir. 2010) (citations omitted). A "mere inconvenience" does not equate to a substantial burden. *See Living Water Church of God v. Charter Twp. of Meridian*, 258 Fed.App'x 729, 739 (6th Cir. 2007) (quoting *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1227 (11th Cir. 2004)). *See Johnson v. Baker*, 1995 WL 570913 (6th Cir. Sept. 27, 1995); *Cayce v. George*, 2011 WL 6754067 (M.D. Tenn. Dec. 23, 2011) (Sharp, J.).

B. Motion for Summary Judgment of Defendants CoreCivic and Leibach

Although Plaintiff's allegations were sufficient to permit his claims to survive initial review, he has not responded to Defendants' motion for summary judgment and taken steps to show that his claims should not be dismissed. After review of the record before the Court, the Court finds that summary judgment should be granted to Defendants.

When a motion for summary judgment is properly supported under Rule 56, such as Defendants' motion, the non-moving party may not merely rest on the allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact that requires that the action proceed to trial. *See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). As the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on critical issues. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). Plaintiff's *pro se* status does not relieve him of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987).

Plaintiff has not satisfied this threshold obligation. He has not responded to the motion for summary judgment, has not rebutted Defendants' evidence or arguments, and has not supported his claim with any affirmative evidence. This is so even though the Court specifically advised Plaintiff of the need to respond to the motion and gave him an extended response deadline. Additionally, he has not specifically responded to Defendants' Statement of Undisputed Facts, as required by Rule 56.01(c) of the Local Rules of Court. His failure to respond "shall indicate that the asserted facts are not disputed for purposes of summary judgment." Local Rule 56.01(g). Accordingly, the Court is permitted to rely upon the facts set forth by Defendants as the undisputed facts.

The undisputed evidence shows that Plaintiff's First Amendment rights were not violated by either Defendant Leibach or CoreCivic. To the contrary, the policies in place at the Detention Center

permit inmates to exercise their religious beliefs and that the Detention Center offers multiple, daily opportunities for chapel services. While it may be true that a particular chapel service may sometimes be cancelled or a housing unit may not be permitted to attend that service, these instances arise because of legitimate institutional and security needs. There is simply no evidence showing that Plaintiff was singled out by prison staff and prevented from attending chapel services or that the cancellation of chapel services occurred in a constitutionally impermissible manner. Instead, Plaintiff was permitted to regularly attend over 100 chapel and religious services during the time period in question. At best, the 18 instances of missed chapel services upon which this lawsuit is based amount to the type of inconvenience that is part and parcel of incarceration.

Given the undisputed facts that are before the Court, there is insufficient evidence which a reasonable jury could find that Plaintiff's First Amendment rights were violated because of the conduct at issue. Further, even if the missed chapel services could be viewed as a violation of the First Amendment, Plaintiff has offered no evidence to support a claim against either CoreCivic or Leibach based upon the missed chapel services. Finally, the undisputed evidence is that Plaintiff is no longer an inmate at the Detention Facility. Because RLUIPA does not authorize monetary damages as a form of relief against a government or its officials for violations of its provisions, *Sossamon v. Texas*, 563 U.S. 277, 280 (2011), his release from the Detention Center renders any request for injunctive or declaratory relief under RLUIPA moot. *See Berryman v. Granholm*, 343 Fed.App'x 1, 4-5 (6th Cir. 2009) (RLUIPA claim seeking declaratory and injunctive relief was moot after inmate's transfer to a new prison).

Given the Court's conclusion that summary judgment is warranted in favor of Defendants on the underlying merits of Plaintiff's claims, it is not necessary to address Defendants' argument for dismissal under Rule 41(b).

C. Defendants Myers and Gordan

Rule 4(m) of the Federal Rules of Civil Procedure requires that the defendant be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing

7

Case 3:18-cv-00800   Document 38   Filed 07/16/20   Page 7 of 8 PageID #: 181

of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. The time period for service upon Defendant Myers and Gordan has long since passed, and Plaintiff has not shown good cause for their failure to be served with process. Because Defendants have not been served with process within the time period set out in Rule 4(m), they should be dismissed.

## RECOMMENDATION

For the reasons set out above, it is respectfully RECOMMENDED that:

1) the motion for summary judgment of Defendants CoreCivic, Inc., and Blair Leibach (Docket Entry No. 31) be GRANTED and that these Defendants be DISMISSED WITH PREJUDICE;

2) Defendants f/n/u Meyers and f/n/u Gordan be DISMISSED under Rule 4(m); and,

3) this case be DISMISSED in its entirety.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge